# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9393 | **DATE** | 6/25/2002 |
| **CASE TITLE** | Eric R. Ralford vs. E.B.N. enterprises, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated here, EBN's Rule 12(b)(6) motion is granted only as to Complaint Count V and is denied as to Complaint Counts III, IV and VI. EBN is ordered to answer those remaining counts on or before July 8, 2002. (28-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 26 2002 date docketed | 32 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | SB docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/25/2002 date mailed notice | |
| SN courtroom deputy's initials | | 02 JUN 25 PM 3:53 Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ERIC R. RALFORD,            )
                            )
            Plaintiff,      )
                            )
      v.                    )    No. 01 C 9393
                            )
E.B.N. ENTERPRISES, INC.,   )
                            )
            Defendant.      )

MEMORANDUM OPINION AND ORDER

E.B.N. Enterprises, Inc. ("EBN") has filed a Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss four counts of the Verified Amended Complaint ("Complaint") filed against it by Eric Ralford ("Ralford"). In turn, Ralford's appointed counsel have filed a responsive memorandum addressing EBN's contentions at some length. No extended discussion is needed to establish that only one of EBN's four attacks succeeds.

Count III

Rule 12(b)(6) does not set a particularly high hurdle for a plaintiff's pleading--see the standard reconfirmed in Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In this instance Ralford's allegation in Complaint ¶22 sufficiently supports the element of age-based employment discrimination challenged by EBN, at least at this threshold stage. Count III will not be dismissed.

Count IV

If our Court of Appeals were to convert its dictum in

Gonzalez v. Ingersoll Milling Mach. Co., 133 F.3d 1025, 1034-35 (7th Cir. 1998) to an actual holding to the same effect at some future time, it would stand alone among Courts of Appeals in holding that an at-will employee may not sue under 42 U.S.C. §1981 ("Section 1981"). Like other judges in this District, this Court will not assume such a result. Instead it leaves Count IV in place--a determination that may always be reexamined if the legal climate were to change before the final disposition of this action.

### Count V

Because Ralford's defamation claim sounds in state law and not federal law, he cannot rely on the pendency of his EEOC charge to toll the one-year statute of limitations on his defamation-based claim (see, e.g., Juarez v. Ameritech Mobile Communications, Inc., 957 F.2d 317, 322 (7th Cir. 1992)). Though Ralford seeks to avoid dismissal on the Macawber-like premise that "something may turn up" in discovery that would evidence a republication by EBN of the assertedly defamatory comments that would render his claim timely, that speculative argument cannot save the day.[1] Count V is dismissed.

### Count VI

Because Ralford's claims of intentional and negligent

---

[1] This is of course an interlocutory order, so that if such an eventuality were to occur Ralford could move to reinstate Count V.

2

infliction of emotional distress draw in material part on some egregious defamatory statements that he ascribes to EBN, those claims are not preempted by the Illinois Human Rights Act (see, e.g., Maksimovic v. Tsogalis, 177 Ill.2d 511, 516, 687 N.E.2d 21, 23-24 (1997)). Nor, because those defamatory statements were uttered post-termination, are they blocked by the Illinois Workers' Compensation Act. Finally, the pattern of EBN's claimed activity that includes those statements satisfies the "extreme and outrageous" standard established by Illinois caselaw. Count VI will also stand.

## Conclusion

For the reasons stated here, EBN's Rule 12(b)(6) motion is granted only as to Complaint Count V and is denied as to Complaint Counts III, IV and VI. EBN is ordered to answer those remaining counts on or before July 8, 2002.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Milton I. Shadur
　　　　　　　　　　　　　　　　　　Senior United States District Judge

Date: June 25, 2002

3